## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

     v.

RICKY LEE SANTOS,

      Defendant.

CASE NO. CF0634-12

**DECISION AND ORDER**

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on January 14, 2014 on Defendant's "Motion to Allow Defendant to Plead Guilty to Possession of a Schedule II Controlled Substance as a Third Degree Felony." Assistant Attorney General James Collins represented the People of Guam. Defendant Ricky Lee Santos was represented by Attorney F. Randall Cunliffe. Having considered the arguments and the applicable law, this Court now issues its Decision and Order.

### FACTUAL BACKGROUND

Defendant Ricky Lee Santos has been charged with (1) Possession of a Schedule II Controlled Substance with Intent to Deliver as a First Degree Felony; (2) Possession of a Schedule II Controlled Substance as a Third Degree Felony; (3) Theft of an Unclassified Motor Vehicle as a Misdemeanor; (4) Unauthorized Use of a Motor Vehicle; and (5) Driving Without Registration as a Petty Misdemeanor). (*See* Indictment).

On December 10, 2013, Defendant filed his motion captioned, "Motion to Allow Defendant to Plead Guilty to Possession of a Schedule II Controlled Substance as a Third Degree Felony." He cites 9 G.C.A. § 80.22 in asking the Court to reduce the degree of his charge from Possession with Intent to Deliver, a First

Degree Felony, to simple possession, a Third Degree Felony. For the reasons set forth below, the Court shall deny the motion.

## DISCUSSION

Section 80.22 of Title 9 of the Guam Code Annotated provides:

If, when a person has been convicted of an offense, the court, having regard to the nature and circumstances of the offense and to the history and character of the offender, is of the view that it would be unduly harsh to sentence the offender in accordance with the code, the court may enter judgment for a lesser included offense and impose sentence accordingly.

The Court notes that Section 80.22 is intended for sentencing. Here, there has been no finding of guilt by a finder of fact and no guilty plea. It is this Court's finding that 80.22 is inapplicable here. At oral arguments, Defendant took the position that if the Court were to agree to reduce the degree of the offense at sentencing pursuant to 80.22, then he would plead guilty to the offenses charged. It is this Court's view that this course of action is inappropriate. The Court shall not interfere with plea negotiations that are done solely at the discretion of the Attorney General. It is this Court's duty to accept or deny the plea agreement.

## CONCLUSION

For the reasons set forth above, Defendant's motion is hereby **DENIED**. A Criminal Trial Setting is set for April 29, 2014 at 2:00 p.m.

It is **SO ORDERED** this 21st day of March, 2014.

_____
HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

**ORIGINAL**

SERVICE VIA COURT BOX

I acknowledge that a copy of the
original hereto was placed in the
court box of:

AG ; Cumliffi ; Prob

DMR · PTO Lit

Date: ___/___/___ Time: 8:40 a

Deputy Clerk, Superior Court of Guam

ORIGINAL

SERVICE VIA COURT BOX

I acknowledge that a copy of the
original hereto was placed in the
court box of: